■ BEATRICE MAVIGLIA, as Preliminary Executrix of ROSE M. TAPANI, Deceased, Appellant, v INAPART PROPERTIES CORP. et al., Defendants, and S. RICHARD ZALTMAN, Also Known as RICHARD ZALTMAN, Respondent.—In an action, inter alia, to set aside certain allegedly fraudulent conveyances of real property, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Shaw, J.), entered October 5, 1987, which granted the motion of the defendant S. Richard Zaltman for summary judgment dismissing the complaint as against him.

Ordered that the order and judgment is affirmed, with costs.

The gravamen of the instant complaint is that the defendant S. Richard Zaltman, together with several other defendants, prepared and presented for recording three forged deeds purporting to transfer three separate New York properties from the plaintiff's decedent to a corporate grantee. In support of his motion for summary judgment, the defendant S. Richard Zaltman submitted his own affidavit, wherein he

specifically denied any interest in the property and denied that he had participated in any way in the preparation or presentation for recording of the deeds. It is well settled that to defeat a motion for summary judgment the opposing party must show facts sufficient to require a trial and "must make his showing by producing evidentiary proof in admissible form" *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068; *Di Sabato v Soffes,* 9 AD2d 297, 301). Bare conclusory and speculative allegations are insufficient to defeat a motion for summary judgment *(see, Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259). Viewed within this perspective, the plaintiff's affidavit was insufficient to defeat the motion of the defendant S. Richard Zaltman for summary judgment. Mangano, J. P., Lawrence, Eiber and Spatt, JJ., concur.