■ Ira Altchek, Appellant, v Iris DiGennaro et al., Defendants, and Gardenia Realty Associates et al., Respondents.

[624 NYS2d 461] —In an action, *inter alia,* to enforce an indemnification agreement, the plaintiff appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated November 17, 1993, which granted the respondents' motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff contends that the respondents must indemnify him for loans he obtained for the respondents after an indemnification agreement was signed. Although it is clear that the respondents agreed to indemnify the plaintiff for any loans obtained by him *prior* to the date the agreement was signed, the Supreme Court properly found that the plaintiff had failed to raise a triable issue of fact as to the existence of an agreement to indemnify the plaintiff after the date the agreement was signed.

When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed *(see, Hooper Assocs. v AGS Computers,* 74 NY2d 487; *Levine v Shell Oil Co.,* 28 NY2d 205). The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances *(see, Hooper Assocs. v AGS Computers, supra).* The language of the agreement clearly indicated that the respondents would only indemnify the plaintiff for loans made prior to the date the agreement was signed.

The plaintiff did not produce sufficient evidence of an oral agreement with the respondents to indemnify him for loans made after the written agreement was signed, and thus does not raise a triable issue of fact *(see, Indig v Finkelstein,* 23 NY2d 728; *Maviglia v Inapart Props. Corp.,* 149 AD2d 482).

The plaintiff also contends that the indemnification clauses in certain shareholder agreements constituted valid indemnification agreements. However, the indemnification clauses did not contain all of the material terms of an indemnification agreement and thus did not satisfy the Statute of Frauds *(see, Standard Oil Co. v Koch,* 260 NY 150).

The plaintiff's remaining contentions are without merit. Lawrence, J. P., Santucci, Friedmann and Florio, JJ., concur.