■ NABIL N. GHALY et al., Appellants, v FIRST AMERICAN TITLE INSURANCE COMPANY OF NEW YORK, Respondent. [688 NYS2d 232] —In an action, *inter alia,* to recover damages for breach of an insurance contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Lockman, J.), dated December 12, 1997, which denied their cross motion for summary judgment, granted the defendant's motion for partial summary judgment dismissing the causes of action alleging a breach of duty to act in good faith, and, upon searching the record, granted summary judgment to the defendant dismissing the remainder of the complaint.

Ordered that the order is affirmed, with costs.

In 1980 the plaintiffs Nabil N. Ghaly and Mimi B. Ghaly, husband and wife, and Karouzin Mardiros, who is Mimi B. Ghaly's sister and not a party to this action, took title to certain real property as joint tenants. The defendant, First American Title Insurance Company of New York (hereinafter First American), issued a title insurance policy on the property, with the Ghalys and Mardiros as co-insureds. In 1988, Mardiros commenced an action against the Ghalys concerning the property (hereinafter the Mardiros action). First American refused the Ghalys' demand that it defend them in that action, which was settled in 1994. In 1995 the Ghalys commenced this action seeking damages arising from, *inter alia,* breach of the title insurance contract. The Supreme Court properly granted summary judgment to First American dismissing the complaint.

Scrutiny of the Mardiros action reveals that it did not concern events covered under the terms of the policy of title insurance issued by First American. Accordingly, First American did not breach its contract with the Ghalys when it refused to defend or indemnify them in the Mardiros action (*see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304; *Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364; *Cohen v Employers Reins. Corp.,* 117 AD2d 435; *American Home Assur. Co. v Port Auth.,* 66 AD2d 269). Ritter, J. P., Altman, Goldstein and McGinity, JJ., concur.