◼ MICHELLE MONTI et al., Plaintiffs, v HARRAN TRANSPORTATION CO., INC., Respondent, HICKSVILLE UNION FREE SCHOOL DISTRICT, Appellant, et al., Defendant. (And Other Actions.) [698 NYS2d 871] —In related actions, inter alia, to recover damages for personal injuries, etc., the defendant Hicksville Union Free School District appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), dated June 24, 1998, which (1) granted the motion of the defendant Harran Transportation Co., Inc., to dismiss its cross claims for common-law indemnification, contractual indemnification, and to recover damages for breach of contract, and (2) denied its motions for summary judgment on those cross claims.

Ordered that the order is affirmed, with costs.

The underlying actions did not concern events covered under the indemnification clause of the agreement entered into be-

tween the defendants Harran Transportation Co., Inc. (hereinafter Harran), and Hicksville Union Free School District (hereinafter Hicksville). Accordingly, Harran did not breach the agreement when it refused to defend or indemnify Hicksville in the underlying actions (*see, Hooper Assocs. v AGS Computers,* 74 NY2d 487; *Ghaly v First Am. Tit. Ins. Co.,* 260 AD2d 535; *Szalkowski v Asbestospray Corp.,* 259 AD2d 867; *Sievert v Morlef Holding Co.,* 241 AD2d 445; *Altchek v DiGennaro,* 214 AD2d 527).

Since Hicksville cannot be vicariously liable for Harran's negligence under the circumstances of the underlying actions, there is no basis for common-law indemnification (*see, Chainani v Board of Educ.,* 87 NY2d 370; *Kagan v Jacobs,* 260 AD2d 442).

Hicksville's remaining contentions are without merit. Mangano, P. J., Bracken, S. Miller and Sullivan, JJ., concur.