■ MICHAEL GAVIGAN, Plaintiff, v ELIZABETH ZERLIN, Defendant, SHEILA MOLYNEAUX et al., Appellants, and ADELPHI UNIVERSITY, Respondent. [703 NYS2d 273] —In an action to recover damages for personal injuries, the defendants Sheila Molyneaux, RNCS, a/k/a Sheila Molyneaux, R.N., and Long Island Jewish Hillside Medical Center, a/k/a Long Island Jewish Medical Center, appeal from an order of the Supreme Court, Nassau County (Lockman, J.), entered May 27, 1999, which denied their motion for partial summary judgment on so much of their cross claim against the defendant Adelphi University which was for contractual indemnification of any expenses arising out of this action.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff was allegedly injured when a nursing student from the defendant Adelphi University (hereinafter Adelphi), who was participating in a clinical internship established by

"education affiliation" agreements with Long Island Jewish Medical Center (hereinafter LIJMC), negligently treated him. In addition to the student, the plaintiff sued LIJMC and one of its employees under a theory of negligent supervision. LIJMC and the employee sought contractual indemnification from Adelphi for the expenses arising out of this action, including any damages awarded to the plaintiff, legal fees, and all costs associated with the litigation, pursuant to clauses contained in their agreements.

Contrary to the court's determination, viewing the agreements in their entirety, the indemnification clauses state in clear and unequivocal language that Adelphi must indemnify LIJMC for all costs and damages arising from the actions of any Adelphi student who participated in the clinic internship program, including acts determined to be caused by the negligent supervision of the student by LIJMC and/or its employees (see, Margolin v New York Life Ins. Co., 32 NY2d 149; Levine v Shell Oil Co., 28 NY2d 205; cf., Monti v Harran Transp. Co., 266 AD2d 440). Therefore, the motion for partial summary judgment on behalf of LIJMC and its employee must be granted, and Adelphi must indemnify LIJMC and its employee for damages and costs, including legal fees, associated with this lawsuit. Thompson, J. P., Sullivan, Krausman and Smith, JJ., concur.