OPINION OF THE COURT
Albert A. Blinder, J.
The defendant moves for an order pursuant to CPLR 3211 (subd [a], pars 2, 7) and sections 8 and 10 of the Court of Claims Act dismissing the claim on the ground that the claim fails to state a cause of action against the State of New York. Claimant cross-moves for an order granting summary judgment pursuant to CPLR 3212.
The facts are not in dispute. The claimant was employed as an X-ray technician at the State University of New York, *506 Downstate Medical Center and "[o]n or about May 4th and 5th, 1977” was accused of sexual molestation of a patient during the course of his employment. Thereafter, criminal proceedings were commenced against the claimant by the District Attorney of Kings County.
Claimant retained counsel who made demand upon the Attorney-General to defend the claimant and gave notice, in the event that the Attorney-General’s office did not so defend, that claim would be made for legal expenses incurred. The Attorney-General’s office responded on May 27, 1977 and stated, inter alia, "[pjlease be advised that while this office has authority to prosecute defendants in some criminal cases, we do not in any instance defend persons charged or prosecuted in criminal proceedings, nor do we finance such representation.”
Subsequently the criminal charges against the claimant were dismissed.
Thereafter, on August 23, 1978 claimant filed a notice of intention to file claim and timely filed a claim on October 30, 1978. The claim demanded payment for $2,500, the legal expenses incurred defending the criminal charges.
The defendant contends that since the claimant was prosecuted for a crime it would not be a claim, action or proceeding relating, in any way, to his duties as an X-ray technician. As such, it is argued, the criminal charge against claimant cannot be said to concern an act performed or committed within the scope of his employment. Defendant states that section 17 of the Public Officers Law makes no provision for defense and indemnification in the case of criminal proceedings.
Claimant contends that section 17 of the Public Officers Law does not contain an absolute prohibition against the indemnification of a State, employee who is wrongfully charged with a criminal act arising out of his regular course of work. It is conceded, however, that had claimant been convicted he would not have such a claim, since clearly the commission of a criminal act would not be within the scope of his employment. It is submitted that the dismissal of the charges establishes as a matter of law that claimant did not commit a criminal act.
A reading of section 17 of the Public Officers Law indicates that there is no specific prohibition against indemnification for the expenses of a defense of criminal proceedings. Claimant contends that had the State Legislature intended to exempt *507 criminal actions from the provisions of the act, they would have so provided; and that the court should be guided by the legislative intent, which was to protect State employees from claims against them arising directly out of the performance of their duties. The issue thereby presented to the court is novel.
Section 17 of the Public Officers Law (as amd by L 1978, ch 466) generally calls for the defense and indemnification of State officers and employees. This section, however, talks of providing "for the defense of the employee in any civil action or proceeding in any state or federal court arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties” (Public Officers Law, § 17, subd 2, par [a]; emphasis added). The law further provides that the duty to indemnify and save harmless "shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee.” (Public Officers Law, § 17, subd 3, par [a].) The Public Officers Law in effect prior to the amended provision had similar language, to wit "save harmless and indemnify all officers and employees of the state from financial loss arising out of any claim, demand, suit or judgment by reason of alleged negligence or other act by such officer or employee provided that such officer or employee at the time damages were sustained was acting in the discharge of his duties and within the scope of his employment and that such damages did not resulf from the willful and wrongful act or gross negligence of such officer or employee” (Public Officers Law, former § 17, subd l).[1]
The history of section 17 of the Public Officers Law indicates that it was intended to consolidate provisions found in various other laws.[2] It was to provide uniform indemnity to all State officers and employees. The State did not assume direct liability for all employees’ acts, and the statute was designed to change only the employee’s right to be indemnified. (Olm *508 stead v Britton, 48 AD2d 536; Brody v Leamy, 90 Misc 2d 1, 25.)
It is clear to the court that as the statute now exists civil suits only are envisioned in its protective ambit. We have researched this issue with great care and can find no authorities which clearly allow the indemnification and reimbursement for attorney’s fees expended in the defense of a criminal matter.[3] (See Matter of Chapman v City of New York, 168 NY 80; Donahue v Keeshan, 91 App Div 602; Matter of Jensen, 44 App Div 509; see, also, Ann. 130 ALR 727.) Accordingly, it is the court’s decision that this claim must be dismissed and the defendant’s motion therefor is hereby granted.
The court must comment that the inclusion of indemnification for the successful defense of certain criminal matters within section 17 of the Public Officers Law should be carefully studied by the Legislature. The court can foresee certain areas of State employment which may be unusually prone to the receipt of frivolous and unfounded complaints against employees, to their superiors or to other governmental agencies. These might be by members of the public, coemployees or even by local law enforcement officers. When or if these are reduced to criminal charges, the employee may be required to expend large sums of money for defense of the same, irrespective of their merits. To require the employee, upon successfully defending an unfounded criminal charge to seek redress solely by suing the complainant for malicious prosecution could surely be an undue burden. Without passing on the merits of the fact pattern contained in the claim at bar, the court urges that certain situations within the scope of employment could and should be included within the statutory provisions. (Cf. Military Law, § 235-a, as amd by L 1969, ch 584, L 1971, ch 283, and repealed by L 1978, ch 466.)
A short-form order will be signed granting the defendant’s motion to dismiss and denying claimant’s motion for summary judgment.

. This latter provision was repealed by the enactment of chapter 466 of the Laws of 1978.

. For example, the claimant herein may have been covered had the claim been one for negligence under section 362 of the Education Law which provided for indemnification from "financial loss arising out of any claim, demand, suit or judgment by reason of the alleged negligence or other act of any such faculty or supervising staff member or employee resulting in personal injury or property damage”. This provision was repealed by chapter 1104 of the Laws of 1971 which adopted section 17 of the Public Officers Law.

. The only statutory provision had been in section 235-a of the Military Law, which was repealed in 1978 (L 1978, ch 466).