Stuart I. Greenberg, Esq. Village Attorney, Harriman
You have asked whether a village police officer is entitled to reimbursement for legal expenses incurred in the successful defense of a criminal action or whether the village may reimburse the police officer under these circumstances. You have explained that this individual has been indicted for criminally negligent homicide in relation to the death of a prisoner in the police officer's care.
Every city, county, town and village is liable for any negligent act or tort of a police officer provided that the negligent act or tort is commited while the officer is acting in the performance of his duties and within the scope of his employment (General Municipal Law, § 50-j
[1]). Additionally, a local government in its discretion may provide for the defense and indemnification of a police officer in any civil action or proceeding seeking punitive or exemplary damages arising out of a negligent act or tort of the police officer committed while in the proper discharge of his duties and within the scope of his employment (id.,
§ 50-j [6] [a]). Thus, under section 50-j defense and indemnification is authorized only with respect to civil actions and proceedings.
Section 18 of the Public Officers Law authorizes and establishes the procedure for defense and indemnification of local government officers and employees. Its provisions apply upon the decision of the local governing body to confer the benefits of the section upon its employees. Section 18 provides that a public entity must provide for the defense of an employee "in any civil action or proceeding, state or federal, arising out of any alleged act or omission which occurred or allegedly occurred while the employee was acting within the scope of his public employment or duties" (id., § 18 [3] [a]). The public entity is required to indemnify and save harmless its employees in the amount of any judgment obtained against an employee in a State or Federal court or in the amount of any settlement of a claim, provided that the act or omission occurred while the employee was acting in the scope of his public employment (id., § 18 [4] [a]).
Section 17 of the Public Officers Law provides for defense and indemnification of State officers and employees. Its provisions are substantively the same as those in section 18 of the Public Officers Law. It has been determined that section 17 does not authorize the reimbursement of attorney's fees expended in the defense of a criminal matter (Wassef v State of New York, 98 Misc.2d 505 [Ct Cl, 1979]). The Court relied on language in section 17 providing for defense in any "civil action or proceeding" (id., p 507). It was also noted that the duty to indemnify and save harmless does not arise where the injury or damage results from intentional wrongdoing on the part of the employee (ibid.). The basis for the Court's decision also applies to section18 of the Public Officers Law, which includes similar provisions.
Subsequent to Wassef, the Public Officers Law was amended by adding section 19. This provision requires the State to pay reasonable attorney's fees and litigation expenses incurred by a State employee in his or her defense of a criminal proceeding arising out of any act occurring while such employee was acting within the scope of his public employment or duties, upon his acquittal or upon the dismissal of the criminal charges against him (id., § 19 [2] [a]). There is no provision parallel to section 19 that is applicable to local governments.
This, however, does not end the inquiry. The authority of local governments to provide for defense and indemnification by a local enactment has been recognized (see, Corning v Laurel Hollow, 48 N.Y.2d 348,354 [1979]). We have found that section 18 of the Public Officers Law does not preempt the local establishment of defense and indemnification provisions (Informal Opinion No. 87-28). Section 18 expressly states that its provisions may replace or supplement other defense and indemnification enactments (§ 18 [12]). Thus, a local government may elect defense and indemnification under section 18, continue or provide for defense and indemnification under a local enactment or supplement local enactments with the provisions of section 18 (Informal Opinion No. 87-28).
 "Had the Legislature desired to make section 18 the exclusive format for defense and indemnification, it could easily have so provided. Instead, local governing bodies expressly are given the option of retaining local enactments and supplementing them through the application of section 18" (ibid.).
We believe that a local government by local law may authorize the reimbursement of defense costs and litigation expenses of an officer or employee in a criminal action resulting in acquittal or the dismissal of charges (Municipal Home Rule Law, § 10 [1] [i] and [ii] [a] [1]). The act resulting in charges must, however, occur while the employee is acting within the scope of his public employment or duties (see, Public Officers Law, § 19 [2] [a]). If the employee is found guilty of the criminal charges, reimbursement of legal costs would be inappropriate because by definition a criminal act could not have occurred within the scope of the employee's duties. Any payment with respect to actions by an employee that are outside the scope of his employment would constitute an unconstitutional gift of public funds (NY Const, Art VIII, § 1).
We conclude that a village may authorize the reimbursement of legal expenses of an employee incurred in the successful defense of a criminal action. Such reimbursement, however, is not authorized by section18 of the Public Officers Law.