■ JOHN P. SZALKOWSKI et al., Plaintiffs, v ASBESTOSPRAY CORPORATION et al., Defendants, STONE & WEBSTER ENGINEERING CORPORATION, Respondent, and NIAGARA MOHAWK POWER COMPANY, Defendant and Third-Party Plaintiff-Appellant-Respondent. COMBUSTION ENGINEERING, INC., Third-Party Defendant-Respondent-Appellant. [686 NYS2d 243] —Peters, J. Cross appeals (1) from an order of the Supreme Court (Leaman, J.), entered November 22, 1997 in Albany County, which denied a motion by defendant Niagara Mohawk Power Company and a cross motion by third-party defendant for summary judgment on the third-party complaint, and (2) from that part of an order of said court, entered November 26, 1997 in Albany County, which denied a motion by defendant Niagara Mohawk Power Company for summary judgment on its cross claim against defendant Stone & Webster Engineering Corporation.

In 1996, plaintiff John P. Szalkowski (hereinafter plaintiff), and his wife derivatively, commenced this action against defendants Niagara Mohawk Power Company (hereinafter NMPC) and Stone & Webster Engineering Corporation (hereinafter SWEC), among others, for injuries allegedly sustained from plaintiff's exposure to asbestos during a period in the early 1950s when he worked on the construction of NMPC's Albany Steam Station. At that time, he was employed by third-party defendant, Combustion Engineering, Inc. (hereinafter CEI), and later by SWEC, both of which were construction contractors to NMPC. Pursuant to SWEC's "cost-plus" contract with NMPC, dated April 5, 1950, SWEC was obligated to indemnify NMPC in the event that one of its employees sought recovery from NMPC. CEI's contract with NMPC, dated March 9, 1950, included similar indemnification provisions.

Relying upon the contract, NMPC cross-claimed for indemnification from SWEC and commenced a third-party action

against CEI. Before trial, both SWEC and CEI settled with plaintiff without NMPC's knowledge. Upon learning of the settlements, NMPC moved for summary judgment against SWEC and CEI on the contractual indemnification claims, prompting not only their opposition to such motion but CEI's cross motion for summary judgment dismissing the third-party complaint. Supreme Court, in separate orders, denied all motions, finding questions of fact concerning the intent of the parties. NMPC appeals both orders and CEI appeals the denial of its cross motion.

Addressing first the challenge to the affidavit submitted by counsel for NMPC on its summary judgment motion, we find no error since it merely "serve[d] as the vehicle for the submission of acceptable attachments which do provide 'evidentiary proof in admissible form'" (*Zuckerman v City of New York*, 49 NY2d 557, 563). We similarly find no merit to the contention that the contract was not properly authenticated (*see*, *Tillman v Lincoln Warehouse Corp.*, 72 AD2d 40, 44), there being no proof by CEI that it is fraudulent or invalid.

Addressing the denial of summary judgment to both NMPC and CEI with respect to CEI's duty to defend and indemnify NMPC, we recognize that CEI was not a named defendant in the underlying action and that NMPC is being sued based upon its alleged manufacture or distribution of asbestos. Upon this theory, we review the indemnification clause at issue: "(c) The Contractor [CEI] shall indemnify and save harmless the Purchaser [NMPC] * * * from any loss, damage, suit, cost, charge or expense, direct or indirect, caused by or arising from any damage or injury to property or person, whether such damage or injury be to officers or employees of the Purchaser, Contractor, sub-contractor, other contractor or to third persons * * * *caused by or arising from or in connection with performance by the Contractor under the Contract, because of any action, negligence, omission or default on the part of the Contractor*" (emphasis supplied). The plain meaning of such language warrants a finding that some wrongdoing by CEI was required before triggering its obligation to save NMPC harmless. As the Court of Appeals advised in *Hooper Assocs. v AGS Computers* (74 NY2d 487, 491-492): "Words in a contract are to be construed to achieve the apparent purpose of the parties. Although the words might 'seem to admit of a larger sense, yet they should be restrained to the particular occasion and to the particular object which the parties had in view' (*Robertson v Ongley Elec. Co.*, 146 NY 20, 23). This is particularly true with indemnity contracts. When a party is under no legal duty to

indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed * * * The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (citations omitted).

Upon reviewing the language and purpose of the entire agreement and the surrounding facts and circumstances, we fail to find that a legal obligation can be imposed upon CEI in the absence of evidence indicating a relationship to NMPC in connection with its manufacture or distribution of asbestos (*see, Cichon v Brista Estates Assocs.*, 193 AD2d 926, 928). Having failed to sustain its prima facie burden of establishing entitlement to the relief sought as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562, *supra*), we find that while NMPC's motion for summary judgment was appropriately denied, summary judgment should have been awarded to CEI as it asserted, without proper refute, that it had no relationship to NMPC in connection with its manufacture or distribution of asbestos.

To the extent that NMPC alleges that the above-quoted contractual clause was intended to extend indemnification to it even in the face of its own negligence, we must again disagree upon our consideration of the agreement and its attendant circumstances when viewed in the entirety (*see, Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153). From our reading of this document which contains another, yet unrelated, indemnity clause, and without considering the contention that such clause was subsequently deleted by the parties, we find that NMPC, as drafter, had the expertise to include language therein to insure protection from its own negligence. Having failed to do so, we find that CEI is also entitled, as a matter of law, to summary judgment in its favor on this issue.

To the extent that NMPC's claim is founded upon its interpretation of plaintiff's complaint to include a claim alleging premises liability, we find that both NMPC and CEI have failed to sustain their showing of entitlement to judgment as a matter of law. Since premises liability would be based upon a violation of Labor Law § 200 and since no evidence was submitted indicating who was responsible for or had actual control over the work site and the way in which asbestos, if any, was handled, the denial of summary judgment to both CEI and NMPC was proper.

Turning to the denial of summary judgment against SWEC, the contract between NMPC and SWEC clearly reflected their

"cost-plus" arrangement. Among the costs that NMPC was obligated to assume were the premiums for certain types of insurance, specifically enumerated, which were to be procured by SWEC for NMPC's benefit. Aside from detailing the requirement to procure standard worker's compensation and employer's liability policies as well as a contractor's public liability policy, with all costs to be assumed by NMPC, SWEC agreed to hold "[NMPC] harmless against any and all claims, suits or demands against [NMPC] by [SWEC] employees". The contract further provided that "any other type of insurance coverage which [NMPC] may require * * * in [NMCP's] name and for [NMPC's] account covering any form of direct protection to [NMPC] which [NMPC] may desire" will be provided by SWEC and charged to NMPC's account. With these contractual provisions further providing that "[a]ny expenses incurred or payments made in connection with accident or injury to person or property not covered by insurance * * * shall be for [NMPC] account" as a cost thereof, these unambiguous provisions clearly indicate, on the whole, that the parties intended that indemnification was limited by the policies SWEC was obligated to provide (see generally, Hooper Assocs. v AGS Computers, 74 NY2d 487, supra). Further limited by the guiding principles regarding the interpretation of contractual indemnity clauses (see, Margolin v New York Life Ins. Co., 74 NY2d 487, 491-492, supra), we find the denial of summary judgment to NMPC against SWEC to be proper.

For these reasons, we modify the order entered November 22, 1997 by reversing so much thereof as denied CEI's cross motion for summary judgment, except as to the claim, if any, alleging premises liability pursuant to Labor Law § 200, and, as so modified, affirm. We further affirm the order entered November 26, 1997 for the reasons stated herein.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order entered November 22, 1997 is modified, on the law, without costs, by reversing so much thereof as denied the cross motion by Combustion Engineering, Inc.; cross motion partially granted, partial summary judgment awarded to Combustion Engineering, Inc. and third-party complaint dismissed except as to the claim, if any, alleging premises liability pursuant to Labor Law § 200; and, as so modified, affirmed. Ordered that the order entered November 26, 1997 is affirmed, without costs.