■ CARL VIGLIAROLO et al., Plaintiffs, v SEA CREST CONSTRUCTION CORPORATION et al., Defendants and Third-Party Plaintiffs-Appellants. PILE FOUNDATION CONSTRUCTION Co., INC., Third-Party Defendant-Respondent. [791 NYS2d 163]—

In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated March 24, 2003, as granted those branches of the third-party defendant's cross motion which were for summary judgment dismissing the third-party cause of action for contractual indemnification and for severance of the third-party action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the cross motion of the third-party defendant, Pile Foundation Construc-

tion Co., Inc. (hereinafter Pile), which was for summary judgment dismissing the third-party cause of action for contractual indemnification. In the absence of a legal duty to indemnify, a contractual promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances (*see Altchek v DiGennaro,* 214 AD2d 527, 528 [1995]). A contract assuming an obligation of indemnification must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed.

The indemnification clause at issue did not specifically include the claims of Pile's employees. Since it cannot be said that indemnification for claims by Pile's employees was "the unmistakable intent of the parties" (*Solomon v City of New York,* 111 AD2d 383, 388 [1985] [internal quotation marks omitted]), Pile is not required to indemnify the appellants under the circumstances herein.

The Supreme Court also providently exercised its discretion in granting that branch of Pile's motion which was to sever the third-party action in the absence of prejudice to a substantial right of the parties (*see McCrimmon v County of Nassau,* 302 AD2d 372 [2003]; *Santos v Sure Iron Works,* 166 AD2d 571, 573 [1990]).

In view of the foregoing, we need not reach the parties' remaining contentions. H. Miller, J.P., Cozier, S. Miller and Fisher, JJ., concur.