■ MIGUEL SUMBA, Plaintiff, v CLERMONT PARK ASSOCIATES, LLC, Defendant and Third-Party Plaintiff-Appellant. CLERMONT PARK RESIDENCE LLC, Third-Party Defendant-Respondent. [850 NYS2d 105]—

In an action, inter alia, to recover damages for personal injuries, the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated July 18, 2006, as granted that branch of the third-party defendant's motion which was for summary judgment dismissing the cause of action in the third-

party complaint for contractual indemnification, and denied those branches of its cross motion which were for summary judgment against the third-party defendant on that cause of action and on its cause of action to recover damages for breach of contract except as to its claim for out-of-pocket expenses incurred as a result of the third-party defendant's failure to procure insurance.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an employee of M.R.I. Developers Corp. (hereinafter M.R.I.), was injured while performing sheetrocking work at premises owned by the defendant third-party plaintiff Clermont Park Associates, LLC (hereinafter Associates), and leased to the third-party defendant Clermont Park Residence, LLC (hereinafter Residence). Associates retained M.R.I. to perform the work in order to construct a workspace for Residence. The plaintiff commenced this action against Associates, which thereafter commenced a third-party action against Residence, seeking, inter alia, contractual indemnification for any liability which Associates incurred in connection with the plaintiff's causes of action based upon a provision in the lease.

The Supreme Court, inter alia, granted Residence's motion for summary judgment dismissing Associates' cause of action for contractual indemnification, and denied that branch of Associates' motion which was for summary judgment on its cause of action to recover damages for breach of contract except as to its claim for out-of-pocket expenses incurred as a result of Residence's failure to procure the required amount of insurance. On appeal, Associates contends that the Supreme Court erred in finding that the indemnification clause in the lease was not applicable to a claim asserted by an employee of the contractor, and by limiting its damages on the breach of contract cause of action to out-of-pocket expenses.

"When a party is under no legal duty to indemnify . . . [t]he promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]). "[A] contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*id.* at 491). The indemnification clause at issue did not specifically include the claims of M.R.I.'s employees. Since it cannot be said that indemnification for claims by employees of M.R.I. was "the unmistakable intent of the parties" (*Solomon v City of New York*, 111 AD2d 383, 388 [1985]), Residence is not required

to indemnify Associates under the circumstances herein (*see Vigliarolo v Sea Crest Constr. Corp.*, 16 AD3d 409 [2005]).

Accordingly, the Supreme Court properly denied that branch of Associates' motion which was for summary judgment on its cause of action for contractual indemnification against Residence and properly granted that branch of Residence's cross motion which was for summary judgment dismissing that cause of action.

Associates' remaining contention is without merit. Spolzino, J.P., Krausman, Carni and Dickerson, JJ., concur.