Matter of Power v Olympic Regional Dev. Auth. (2021 NY Slip Op 03501)





Matter of Power v Olympic Regional Dev. Auth.


2021 NY Slip Op 03501


Decided on June 3, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 3, 2021

531069
[*1]In the Matter of Padraig Power, Respondent,
v
Olympic Regional Development Authority et al., Appellants.

Calendar Date:April 21, 2021

Before:Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for appellants.
Flink Maswick Law PLLC, Lake Placid (James L. Maswick of counsel), for respondent.



Lynch, J.P.
Appeal from an order of the Supreme Court (Meyer, J.), entered December 31, 2019 in Essex County, which partially granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, declare that petitioner is entitled to indemnification by respondent Olympic Regional Development Authority.
Petitioner served as the Director of Finance and Internal Controls Officer for respondent Olympic Regional Development Authority (hereinafter ORDA) for approximately five years. In April 2017, ORDA filed charges against petitioner pursuant to Civil Service Law § 75 alleging that he had made several unauthorized purchases on ORDA-issued credit cards. In connection therewith, petitioner was terminated from his position and criminally charged with grand larceny in the third degree and official misconduct by a public servant (see Penal Law §§ 155.35 [1]; 195.00 [1]). He pleaded guilty to disorderly conduct in satisfaction of the criminal charges (see Penal Law § 240.20), for which he was sentenced to 150 hours of community service and ordered to pay $8,026.53 in restitution.
By letter dated April 2019, petitioner demanded that ORDA indemnify him for, among other things, counsel fees incurred in defending the criminal action under ORDA's Employees and Directors Liability Policy (hereinafter the internal resolution) — adopted by ORDA's board of directors pursuant to Public Authorities Law § 2824 (1) (f). In response, ORDA informed petitioner that it had "procured insurance coverage for such liability" and had forwarded his request to its insurance carrier. After the insurance carrier declined coverage for, among other things, failure to provide timely notice of a claim, ORDA denied petitioner's request for indemnification, taking the position that, as relevant here, it had no duty to indemnify employees outside the scope of its insurance coverage.
Petitioner commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking, among other things, a declaration that he was entitled to indemnification for expenses, costs and counsel fees incurred in defending the criminal action. Following joinder of issue, Supreme Court granted the petition to the extent of declaring that petitioner was entitled to indemnification under the internal resolution, but reserved decision on the amount owed, directing petitioner to submit an "unredacted itemized billing statement" within 30 days (66 Misc 3d 1204[A], 2019 NY Slip Op 52108[U], *9 [Sup Ct, Essex County 2019]). Respondents appeal.
We reverse.[FN1] Initially, petitioner does not seek indemnification under the Public Officers Law, and we agree with Supreme Court that no statutory right of indemnification would exist under the pertinent provisions (see Public Officers Law §§ 17 [3] [a]; 18 [4] [a]; 19 [1], [2] [a]; Public Authorities Law § 2623 [2]; Wassef v State of New York, 98 Misc 2d 505, 508 [Ct Cl 1979], affd [*2]73 AD2d 848 [1979]). Accordingly, any duty to indemnify here would derive solely from a contractual obligation.
"When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989] [citation omitted]; see Levine v Shell Oil Co., 28 NY2d 205, 211 [1971]; Trombley v Socha, 113 AD3d 921, 922 [2014]). A promise to indemnify "should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (Hooper Assoc. v AGS Computers, 74 NY2d at 491-492; accord Szalkowski v Asbestospray Corp., 259 AD2d 867, 869 [1999]).
The internal resolution under which petitioner claims a right of indemnification begins with ORDA agreeing to "procure annually the appropriate insurance coverage to comply with the standards of the [Public Authorities Accountability Act]" for "[d]irectors and [e]mployee [l]iability." The resolution then states, "The portion of the Act which pertains reads as follows: '[ORDA] agrees at its sole cost and expense to indemnify and hold harmless the members, officers and employees of [ORDA] from all costs and liabilities of every kind and nature as provided in the by-laws. All members, officers and employees of [ORDA] while acting [o]n behalf of [ORDA] are entitled to the fullest extent of indemnification permitted by law, included but not limited to, attorney's fees, disbursements, costs and settlement amounts'" (emphasis added).[FN2] The resolution ends with ORDA agreeing to "work with the insurance broker to attain the best and most comprehensive policy possible."
The language of the internal resolution is ambiguous. As respondents note, a reasonable interpretation would be that ORDA merely promised to procure an insurance policy including the above-referenced indemnification provisions, in which case insurance coverage would be a condition precedent to any indemnity obligation. Alternatively, as petitioner maintains, the resolution could be construed as providing a promise to indemnify independent of insurance coverage. This ambiguity itself precludes a finding of entitlement to contractual indemnification (see Hooper Assoc. v AGS Computers, 74 NY2d at 491-492; Szalkowski v Asbestospray Corp., 259 AD2d at 869). Even assuming an implied contract right existed under the latter interpretation (see generally Lobosco v New York Tel. Co./NYNEX, 96 NY2d 312, 317 [2001]), any indemnity obligation was expressly tethered to the terms of ORDA's bylaws, which contain no reference to employee indemnification. As the resolution does not convey a clear right to indemnification and petitioner was ordered to pay restitution in connection with a guilty plea to disorderly conduct in satisfaction of an accusatory instrument charging intentional criminal conduct, Supreme Court erred in concluding [*3]that an enforceable right to contractual indemnification existed (see Hooper Assoc. v AGS Computers, 74 NY2d at 492-493; Vigliarolo v Sea Crest Constr. Corp., 16 AD3d 409, 410 [2005]; see also Massachusetts Mut. Life Ins. Co. v Millstein, 129 F3d 688, 691 [2d Cir 1997]; Austro v Niagara Mohawk Power Corp., 66 NY2d 674, 676-677 [1985]; People v Marone, 68 AD3d 1443, 1445 [2009], lv denied 14 NY3d 711 [2010]).
Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, matter converted to a plenary action for breach of contract and, as so converted, complaint dismissed.



Footnotes

Footnote 1: At the outset, because the right of indemnification — if any — would derive solely from a contractual obligation, no relief under CPLR article 78 lies (see Kerlikowske v City of Buffalo, 305 AD2d 997, 997 [2003]). We therefore convert the entire matter into a plenary action for breach of contract (see CPLR 103 [c]; Matter of Rincon v Annucci, 186 AD3d 1869, 1870 [2020]; Kerlikowske v City of Buffalo, 305 AD2d at 998).

Footnote 2: Respondents note that the internal resolution mistakenly attributed this quoted language to the Public Authorities Accountability Act, revealing that it actually derives from the bylaws of the Nassau County Bridge Authority. ORDA is required by statute to "adopt a defense and indemnification policy and disclose such plan to any and all prospective board members" (Public Authorities Law § 2824 [1] [f]).