Safier v Wakefern Food Corp. (2023 NY Slip Op 05413)

Safier v Wakefern Food Corp.

2023 NY Slip Op 05413

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-08083
 (Index No. 52693/18)

[*1]Stefany Safier, plaintiff, 
v
Wakefern Food Corp., et al., defendants third-party plaintiffs- respondents, Advance Building Solutions, Inc., et al., defendants third-party defendants-appellants (and other third-party actions).

Thomas K. Moore (Eric D. Feldman, Melville, NY [David R. Holland], of counsel), for defendants third-party defendants-appellants.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Krystina Maola of counsel), for defendants third-party plaintiffs-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, and a third-party action, inter alia, for indemnification and/or contribution, the defendants third-party defendants, Advance Building Solutions, Inc., and Corporate Building Services, Inc., appeal from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated October 16, 2020. The order, insofar as appealed from, denied that branch of the motion of the defendants third-party defendants, Advance Building Solutions, Inc., and Corporate Building Services, Inc., which was for summary judgment dismissing the third-party complaint asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of defendants third-party defendants, Advance Building Solutions, Inc., and Corporate Building Services, Inc., which was for summary judgment dismissing the third-party complaint is granted.
The plaintiff commenced this personal injury action against ShopRite Supermarkets, Inc. (hereinafter ShopRite), and its owner, Wakefern Food Corp. (hereinafter Wakefern), as well as Advance Building Solutions, Inc. (hereinafter Advance), a floor cleaning contractor, and Corporate Building Services, Inc. (hereinafter Corporate), a related company. ShopRite and Wakefern thereafter commenced a third-party action seeking, inter alia, contribution and/or indemnification from Advance and Corporate. Advance and Corporate commenced a second third-party action seeking contribution and/or indemnification from Floor Maintenance Professionals, LLC (hereinafter Floor Maintenance), a floor cleaning subcontractor, and ShopRite and Wakefern commenced a third third-party action against Floor Maintenance.
Advance and Corporate moved, inter alia, for summary judgment dismissing the third-party complaint asserted against them. In an order dated October 16, 2020, the Supreme Court, among other things, denied that branch of the motion. Advance and Corporate appeal.
Advance and Corporate established their prima facie entitlement to judgment as a matter of law dismissing the cause of action of ShopRite and Wakefern seeking contractual indemnification against them. "When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed. The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492 [citations omitted]; see George v Marshalls of MA, Inc., 61 AD3d 925).
Here, a document entitled "Bid Proposal" is the only written agreement between the parties regarding the subject floor cleaning work. The Bid Proposal contains no language regarding indemnification of ShopRite or Wakefern by Advance or Corporate (see Vigliarolo v Sea Crest Constr. Corp., 16 AD3d 409). When an agreement contains no express indemnification provisions, and an indemnification clause cannot be implied from the language of the agreement, a cause of action for contractual indemnification should be dismissed (see Schultz v Bridgeport & Port Jefferson Steamboat Co., 68 AD3d 970, 972). Advance and Corporate therefore established their prima facie entitlement to judgment as a matter of law dismissing the contractual indemnification cause of action brought by ShopRite and Wakefern against them (see Eldoh v Astoria Generating Co., LP, 57 AD3d 603). In response to this showing, ShopRite and Wakefern failed to raise a triable issue of fact.
As the Bid Proposal furthermore contains no requirement for Advance or Corporate to procure insurance, the cause of action of ShopRite and Wakefern alleging that Advance and Corporate breached the parties' contract in failing to procure insurance should also be dismissed (see Richards v Passarelli, 77 AD3d 905).
Advance and Corporate also established their prima facie entitlement to judgment as a matter of law dismissing the cause of action of ShopRite and Wakefern seeking common-law indemnification against them. "Implied indemnity is a restitution concept which permits shifting the loss because to fail to do so would result in the unjust enrichment of one party at the expense of the other. Generally, it is available in favor of one who is held responsible solely by operation of law because of his relation to the actual wrongdoer" (Mas v Two Bridges Assoc., 75 NY2d 680, 690 [citations omitted]). Common-law indemnity "imposes indemnification obligations upon those actively at fault in bringing about the injury, and thus reflects an inherent fairness as to which party should be held liable for indemnity" (McCarthy v Turner Const., Inc., 17 NY3d 369, 375).
Here, Advance and Corporate established that they were not actively negligent (see George v Marshalls of MA, Inc., 61 AD3d 925). Furthermore, while Advance and Corporate had the authority under a subcontractor agreement/contract to supervise the work of Floor Maintenance, they did not actually supervise the work. Mere authority to supervise a subcontractor is not sufficient to warrant common-law indemnification, as indemnification may only be imposed against a contractor who exercises actual supervision (see McCarthy v Turner Constr., Inc., 17 NY3d at 378). As ShopRite and Wakefern raised no triable issue of fact as to Advance and Corporate's culpability in opposition to Advance and Corporate's prima facie showing, the common-law indemnification claim should also be dismissed.
Advance and Corporate further established their prima facie entitlement to judgment as a matter of law dismissing the cause of action of ShopRite and Wakefern seeking common-law contribution. To sustain a cause of action for contribution, ShopRite and Wakefern would have to show that Advance and Corporate owed them a duty of reasonable care outside their contractual obligations, or owed a duty to the plaintiff and that a breach of that duty contributed to the alleged injuries (see Castillo v Port Auth. of N.Y. & N.J., 159 AD3d 792, 795). Here, there is no allegation that Advance or Corporate owed ShopRite or Wakefern a duty outside their contractual obligations. Advance and Corporate also established that they were not negligent in that neither of them breached a duty to the plaintiff, who is not a party to the Bid Proposal or the subcontractor agreement/contract (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140). Where, as here, a contractor has no duty to the plaintiff, a cause of action for common-law contribution should be dismissed (see Patterson [*2]v New York City Tr. Auth., 5 AD3d 454). In opposition, ShopRite and Wakefern failed to raise a triable issue of fact.
DUFFY, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court