◼ Russell J. Lester, Appellant, v JD Carlisle Development Corp., MD., et al., Respondents. (And a Third-Party Action.) Facade Technology, LLC, Fourth-Party Plaintiff, v Exterior Erecting Services, Inc., Fourth-Party Defendant-Respondent. (And a Fifth-Party Action.) [68 NYS3d 60]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered September 12, 2016, which, to the extent appealed from as limited by the briefs, granted defendants' and fourth-party defendant's motions for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it based on Industrial Code (12 NYCRR) §§ 23-1.7 (e) and 23-1.24, unanimously modified, on the law, to deny the motion as to the cause

of action insofar as it is based on section 23-1.7 (e) (2), and, upon a search of the record, to grant plaintiff partial summary judgment on that cause of action, and otherwise affirmed, without costs.

Plaintiff was injured when he slipped to his knees on the sloped roof of a parking garage where he was installing panels for a video screen and his arm came into contact with the sharp edge of exposed flashing that had been installed as part of the video screen. The temporary roof surface was a membrane covered in small granules variously described as a fine-grit stone similar to sand, cinder materials, or ball bearings.

Industrial Code § 23-1.7 (e) (1), which applies to "passageways," is not applicable to the roof, an open area, upon which plaintiff was working. However, section 23-1.7 (e) (2) applies to "areas where persons work or pass." The record demonstrates that the loose granules on the roof surface that caused plaintiff to slip were not integral to the structure or the work (*see O'Sullivan v IDI Constr. Co., Inc.*, 28 AD3d 225, 226 [1st Dept 2006], *affd* 7 NY3d 805 [2006]), but were an accumulation of debris from which section 23-1.7 (e) (2) requires work areas to be kept free (*Serrano v Consolidated Edison Co. of N.Y. Inc.*, 146 AD3d 405 [1st Dept 2017]). Thus, plaintiff is entitled to summary judgment as to liability on the Labor Law § 241 (6) cause of action insofar as it is predicated upon section 23-1.7 (e) (2).

Industrial Code § 23-1.24 (a) (1) requires that roofing brackets be used when work is performed on any roof with a slope steeper than one in four inches "unless crawling boards or approved safety belts are used." We note that plaintiff was wearing a harness and was tied off to a static line. In any event, this section is inapplicable to this case, because plaintiff did not fall from the roof (*see Bennion v Goodyear Tire & Rubber Co.*, 229 AD2d 1003 [4th Dept 1996], *appeal withdrawn* 91 NY2d 1004 [1998]; *see also Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 978 [2003]). Concur—Friedman, J.P., Gische, Webber, Kahn and Singh, JJ. ■