Rossi v 140 W. JV Mgr. LLC (2019 NY Slip Op 03292)





Rossi v 140 W. JV Mgr. LLC


2019 NY Slip Op 03292


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Renwick, J.P., Richter, Gesmer, Kern, Singh, JJ.


9140 160467/15 595164/16 595516/16

[*1]Robert Rossi, Plaintiff-Respondent,
v
140 West JV Manager LLC, et al., Defendants-Appellants, J. T. Magen & Company Inc., Defendant-Respondent.
140 West JV Manager LLC, et al., Third Party Plaintiff,
v
H & L Electric, Inc., Third Party Defendant. 
[And Another Third-Party Action]


O'Connor Redd Orlando LLP, Port Chester (Marie R. Hodukavich of counsel), for 140 West JV Manager LLC, appellant.
Furman, Kornfeld & Brennan LLP, New York (Peter C. Lucas of counsel), for Vanquish Contracting Corp., appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for Robert Rossi, respondent.
Fabiani Cohen Hall, LLP, New York (Allison Snyder of counsel), for J.T. Magen & Company Inc., respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about January 31, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the issue of liability as to Labor Law § 241(6) predicated on violations of Industrial Code (12 NYCRR) §§ 23-1.7(e)(1) and (2) as against defendants 140 West Street (NY), LLC, and Vanquish Contracting Corp. (Vanquish), unanimously affirmed, without costs.
Summary judgment on the issue of liability was properly granted in this action where plaintiff was injured when he tripped and fell over construction debris at the work site. The area where plaintiff fell was, by definition, a passageway, as he tripped over Vanquish's demolition debris along the only route he could take to return to his work area with a ladder (see Lois v Flintlock Constr. Servs., LLC, 137 AD3d 446, 447 [1st Dept 2016]; see also Harasim v Eljin Constr. of N.Y., Inc., 106 AD3d 642, 643 [1st Dept 2013]; 12 NYCRR 23-1.7[e][1]). Moreover, Vanquish left demolition debris on a floor where plaintiff was required to pass in the course of his work within the definition of a working area (see Canning v Barneys N.Y., 289 AD2d 32, 34 [1st Dept 2001]; 12 NYCRR 23-1.7[e][2]). The debris, consisting of cables from elevator shaft demolition, was not inherent in, or an integral part of, the work being performed by either plaintiff electrician or Vanquish at the time of the accident (see Pereira v New Sch., 148 AD3d [*2]410, 412 [1st Dept 2017]), but rather constituted an accumulation of debris from which Vanquish was required to keep work areas free (see Lester v JD Carlisle Dev. Corp., MD., 156 AD3d 577 [1st Dept 2017]).
We decline to search the record to grant any party summary judgment on the Labor Law § 200 and common-law negligence claims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK