Knafo v Mount Sinai Hosp. (2020 NY Slip Op 03462)





Knafo v Mount Sinai Hosp.


2020 NY Slip Op 03462


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Acosta, P.J., Richter, Mazzarelli, Webber, González, JJ.


11670N 805127/13

[*1] Claudia Knafo, et al., Plaintiffs-Appellants,
v
The Mount Sinai Hospital, et al., Defendants, Michael Diaz, M.D., Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellants.
Dopf, P.C., New York (Martin B. Adams of counsel), for respondent.



Order, Supreme Court, New York County (George J. Silver, J.), entered June 18, 2019, which granted defendant Michael Diaz, M.D.'s motion to preclude plaintiffs' experts' testimony to the extent of precluding evidence that plaintiff Knafo's hyponatremia, which was subsequently corrected, caused permanent fasciculations, unanimously affirmed, without costs.
We reject defendant doctor's argument that the appeal should be dismissed pursuant to the rule that an evidentiary ruling made before trial is reviewable only in connection with the appeal from the judgment rendered after trial (Piorkowski v Hospital for Special Surgery, 116 AD3d 560 [1st Dept 2014]; Rodriguez v Ford Motor Co., 17 AD3d 159, 159-160 [1st Dept 2005]). An exception to that rule exists where the evidence in question is so central to the proponent's case that its exclusion is "the functional equivalent of . . . summary judgment" (Matter of City of New York v Mobil Oil Corp., 12 AD3d 77, 81 [2d Dept 2004]). Here, without the proposed evidence purporting to establish a causal link between defendant's alleged departure from accepted practice and plaintiff's permanent condition, her malpractice claim is certain to fail. Thus, the order is appealable because it limits the scope of issues to be tried (see Rott v Negev, LLC, 102 AD3d 522 [1st Dept 2013]).
Nevertheless, we agree on the merits that the proffered evidence was properly precluded. To satisfy the Frye standard, expert testimony must be based upon a scientific principle or procedure which has been "sufficiently established to have gained general acceptance" (Marso v Novak, 42 AD3d 377, 378 [1st Dept 2007], lv denied 12 NY3d 704 [2009] [internal quotation marks omitted]). A party fails to carry this burden if it does not present supporting material such as clinical data and peer reviewed medical literature (see Matter of Bausch & Lomb Contact Lens Solution Prod. Liab. Litig., 87 AD3d 913, 913 [1st Dept 2011], lv dismissed 19 NY3d 845 [2012]). Here, the material presented by plaintiff's proposed experts discussed the presence of involuntary fasciculations in patients who experienced hyponatremia, but who also demonstrated indicia of brain damage.
Plaintiff, however, did not have brain damage. Accordingly, the material did not support plaintiff's theory of liability.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK