Everett v Timmins (2020 NY Slip Op 05451)





Everett v Timmins


2020 NY Slip Op 05451


Decided on October 06, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 06, 2020

Before: Kapnick, J.P., Oing, Scarpulla, Shulman, JJ. 


Index No. 108027/11 Appeal No. 11966 Case No. 2019-579 

[*1]Angelett Everett, et al., Plaintiffs-Appellants,
v
Robert Timmins, et al., Defendants-Respondents.


Jacoby & Meyers, LLP, Newburgh (Lawrence D. Lissauer of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (Jamison Davies of counsel), for respondents.



Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered June 22, 2018, upon a jury verdict in defendants' favor, dismissing the complaint, unanimously affirmed, without costs.
The trial court should not have refused to permit plaintiffs to call an IME watchdog as a rebuttal witness to impeach defendants' expert orthopedic surgeon's testimony that his examination of plaintiff Angelett Everett lasted over 30 minutes. Defendants were not caught off guard by plaintiffs' application to call the rebuttal witness, since the surgeon had testified to the watchdog's presence at the examination, and the watchdog's identity and affiliation were noted in the expert orthopedic surgeon's report. Plaintiffs also could not have known before trial that they would need to call the watchdog as a witness to impeach the expert orthopedic surgeon's testimony; only that they mightneed to do so.
However, under the circumstances, plaintiffs' substantial rights were not prejudiced by the preclusion of the watchdog's rebuttal testimony (see Leffler v Feld, 79 AD3d 491, 491 [1st Dept 2010]). The issue of the length of the expert orthopedic surgeon's examination was the subject of cross-examination, and he conceded that his actual exam of Everett took less time than he had originally represented. Additionally, Everett's direct examination was continued after the expert orthopedic had finished testifying, and therefore plaintiffs' counsel could have asked her about the length of the exam.
We are unable to review plaintiffs' argument that the court erred in permitting defendants' expert epileptologist to testify despite defendants' untimely and insufficient CPLR 3101(d) exchange. "This [C]ourt is limited to a review of facts and information contained in the record and that which may be judicially noticed" (Chimarios v Duhl, 152 AD2d 508, 509 [1st Dept 1989]). Here, the parties dispute on what date defendants served the expert disclosure for the epileptologist, and whether it was sufficiently detailed, but plaintiffs have not included the CPLR 3101(d) exchange itself in the record. Accordingly, we decline to disturb the trial court's exercise of discretion to permit the expert epileptologist to testify.
The record does not indicate that plaintiffs objected or took exception to the court's decision to give a missing witness charge regarding their expert neuropsychologist, who plaintiffs did not call to testify to trial. Accordingly, plaintiffs' argument on appeal that the court erred in giving that charge is unpreserved for appellate review (see Landesso v City of New York, 229 AD2d 565 [2d Dept 1996]; Manzella v Great Atl. & Pac. Tea Co., 203 AD2d 336 [2d Dept 1994]).
The court properly declined to give the jury a Noseworthy charge (Noseworthy v City of New York, 298 NY 76 [1948]), since Everett was able to testify in some detail as to the circumstances surrounding her accident (see Williams v Hooper, 82 AD3d 448, 449-450 [1st Dept 2011]; see also Parris v New York City Tr. Auth., 140 AD3d 938, 939 [2d Dept 2016]). The court also properly gave the jury an adverse inference charge concerning plaintiffs' expert neurologist's missing EEG (see Herman v Moore, 134 AD3d 543, 544, 546 [1st Dept 2015]). Plaintiffs' remaining challenges to the charge as given to the jury are unavailing.
The trial court also correctly denied plaintiffs' motion for a directed verdict on the issue of the serious injury threshold (Insurance Law § 5102[d]; see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]). Defendants' expert orthopedic surgeon, neuropsychologist, and epileptologist all testified that Everett's claimed injuries were nonexistent, not causally related to the accident, or had other etiologies. This testimony, among other things, afforded the jury a valid line of reasoning and permissible inferences from which to conclude that Everett did not sustain a serious injury as defined in Insurance Law § 5102[d] (see Shinn v Catanzaro, 1 AD3d 195 [1st Dept 2003]). While plaintiffs are correct that the Social Security Administration determined that Everett was disabled as of the date of the accident, this is only some evidence supporting her 90/180-day claim, partly because she listed conditions unrelated to the accident in support of her application for disability benefits. Accordingly, there was also a valid line of reasoning
and permissible inferences upon which the jury could base its verdict rejecting the 90/180-day claim (see Calafiore v Kiley, 303 AD2d 816, 818 [3d Dept 2003]).
We have considered plaintiffs' remaining contentions and find them either academic or unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2020