Ingrati v Avalonbay Communities, Inc. (2022 NY Slip Op 02494)

Ingrati v Avalonbay Communities, Inc.

2022 NY Slip Op 02494

Decided on April 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 14, 2022

Before: Kapnick, J.P., Moulton, González, Rodriguez, Pitt, JJ. 

Index No. 150134/15 Appeal No. 14809 Case No. 2021-02320 

[*1]Michael Ingrati, et al., Plaintiff-Appellant,
v
Avalonbay Communities, Inc., Defendant-Respondent.

Pollack, Pollack, Isaac & DeCicco LLP, New York (Jillian Rosen of counsel), for appellants.
Harrington, Ocko & Monk, LLP, White Plains (Matthew R. Bremner of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered June 23, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on liability as to their claims under Labor Law §§ 241(6) and 200, as well as common-law negligence, and granted defendant's cross motion for summary judgment dismissing the Labor Law § 241(6) claim, unanimously modified, on the law, to reinstate the Labor Law § 241(6) claim insofar as predicated on Industrial Code § 23-1.7(e)(2), and otherwise affirmed, without costs.
Plaintiffs' evidence in support of summary judgment on liability on their Labor Law § 241(6) claim established prima facie entitlement to relief, since photographs and deposition testimony established broken concrete and brick, as well as lighter-colored dried concrete pieces in the same area on the sidewalk where the injured plaintiff slipped or tripped. Furthermore, the sidewalk area outside the front of the building under construction was shown to be a "working area" where cement trucks parked to deliver cement for the foundation and the upper floors of the building (see Lester v JD Carlisle Dev. Corp., MD., 156 AD3d 577, 578 [1st Dept 2017]; Lenard v 1251 Ams. Assoc., 241 AD2d 391 [1st Dept 1997]). However, defendant's evidence raised triable issues of fact under Labor Law § 241(6) as to whether the lighter-colored dried concrete pieces on the sidewalk were an integral part of the new construction work being performed on the building. Defendant's evidence also raised triable issues of fact under Labor Law § 200 and common-law negligence as to whether the sidewalk condition on which plaintiff tripped or slipped was inherently dangerous. These triable issues preclude a grant of partial summary judgment to plaintiffs on their claims under Labor Law §§ 241(6), 200 and common-law negligence.
We have considered the parties' remaining contentions and find them unavailing.
The Decision and Order of this Court entered herein
on December 9, 2021, is hereby recalled and vacated
(see M-2022-00521 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 14, 2022