Shyer v Shyer (2022 NY Slip Op 03338)

Shyer v Shyer

2022 NY Slip Op 03338

Decided on May 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 19, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Shulman, JJ. 

Index No. 651109/18 Appeal No. 15985-15985A Case No. 2022-00634, 2022-00639 

[*1]Catherine Shyer, Plaintiff-Respondent,
v
Christopher Shyer et al., Defendants, Zyloware Corporation, Defendant-Appellant. 

Kennedy Berg LLP, New York (James W. Kennedy of counsel), for appellant.
Pillsbury Winthrop Shaw Pittman LLP, New York (David G. Keyko of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about December 16, 2021, which, to the extent appealed from as limited by the briefs, denied defendant's motions in limine seeking to preclude plaintiff from introducing certain evidence, unanimously affirmed. Order, same court and Justice, entered on or about December 23, 2021, which, to the extent appealed from, granted plaintiff's motion for leave to file a fourth amended complaint and an amended reply to defendant's counterclaims, unanimously affirmed, without costs.
The evidentiary rulings challenged by defendant are the "functional equivalent" of rulings on a partial summary judgment motion determining the scope of issues to be tried, and thus involve the merits of the controversy. As a result, the rulings affect a substantial right and are directly appealable before any trial order or judgment (see Knafo v Mount Sinai Hosp., 184 AD3d 478, 478-479 [1st Dept 2020]; Rott v Negev, LLC, 102 AD3d 522, 522 [1st Dept 2013]).
As to the merits, Supreme Court's evidentiary rulings were correct. Defendant fails to establish that Supreme Court, in the circumstances here and based on this Court's prior rulings, should have granted its motion to preclude evidence of her husband's incapacity to agree to the June 2014 option notice, and should have denied plaintiff's motion for leave to amend her complaint to add allegations concerning her husband's alleged incapacity. Although some difficulty in determining the proper share price of the sold options would arise if such incapacity is established, that difficulty is not a basis for precluding the relevant evidence. Similarly, nothing in this Court's prior rulings precluded Supreme Court from granting plaintiff leave to amend her complaint to assert a claim for breach of the master employment agreement, as well as allegations that defendant improperly diverted her husband's salary and bonuses in payment for the option shares.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022