Tavarez v LIC Dev. Owner L.P. (2023 NY Slip Op 03318)

Tavarez v LIC Dev. Owner L.P.

2023 NY Slip Op 03318

Decided on June 20, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2023

Before: Webber, J.P., Oing, Gesmer, González, Pitt-Burke, JJ. 

Index No. 150625/19 Appeal No. 501 Case No. 2023-00704 

[*1]Ruth Tavarez, Plaintiff,
v
LIC Development Owner L.P. et al., Defendants. (And a Third-Party Action.)
Tishman Speyer Properties, LP, Second Third-Party Plaintiff-Respondent,
v
Collins Building Services, Inc., Second Third-Party Defendant-Appellant.

Wood Smith Henning & Berman LLP, New York (Kevin T. Fitzpatrick of counsel), for appellant.
Golden, Rothschild, Spagnola, Lundell, Boylan, Garubo & Bell, P.C., New York (Eric S. Schlesinger of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about December 16, 2022, which denied second-third party defendant Collins Building Services, Inc.'s motion to dismiss second third-party plaintiff Tishman Speyer Properties, LP's causes of action for contractual indemnification, unanimously reversed, on the law, without costs, and the motion granted.
This action arises from an incident in which plaintiff, in the course of her employment for Collins, was allegedly injured in a fall from a ladder at a building managed by Tishman. Tishman, in its capacity as the agent for the building owner, had executed a contract with Collins in which Collins agreed to perform cleaning services at the building. The contract contained an indemnification provision requiring Collins to indemnify Tishman for claims brought by tenants "or others whose personnel or property may be damaged by [Collins] [or] its operators" (see Tavarez v LIC Dev. Owner, L.P., 205 AD3d 565, 566-567 [1st Dept 2022]).
Supreme Court should have granted Collins' motion to dismiss. Because a contract that assumes an obligation to indemnify must be strictly construed, enforcing the indemnity obligation against Collins would improperly read a specific obligation into the contract where none is plainly stated (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]; Vigliarolo v Sea Crest Constr. Corp., 16 AD3d 409, 410 [2d Dept 2005]). The indemnification provision in the parties' agreement makes clear that the word "others" did not extend Collins' indemnification obligation to its own employees who were injured while working on the premises. Rather, the word "others" refers to third parties injured by Collins or those operating on its behalf. To the extent that Tishman asserted a common-law indemnification claim, the claim is barred by Workers Compensation Law § 11 because plaintiff did not allege a grave injury (see Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486 490 [2004]; Tavarez, 205 AD3d at 567).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2023