Noel v 336 E 95th Realty LLC (2024 NY Slip Op 02669)

Noel v 336 E 95th Realty LLC

2024 NY Slip Op 02669

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Singh, J.P., Moulton, Mendez, Rosado, Michael, JJ. 

Index No. 156177/21 Appeal No. 2297 Case No. 2023-02980 

[*1]Keron Noel, Plaintiff,
v
336 E 95th Realty LLC, Defendant.
336 E 95th Realty LLC, Third-Party Plaintiff-Appellant,
v
Champion Elevator Corp., Third-Party Defendant-Respondent.

Mischel & Horn, P.C., New York (Ross Salvatore Friscia of counsel), for appellant.
Fullerton Beck LLP, White Plains (Edward J. Guardaro, Jr, of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered May 22, 2023, which granted third-party defendant Champion Elevator Corp.'s motion to dismiss the third-party complaint, unanimously affirmed, without costs.
The motion court properly dismissed defendant/third-party plaintiff 336 E 9th Realty LLC's (Owner) complaint. Pursuant to Workers' Compensation Law § 11, an employer may be liable to third parties for indemnification or contribution when an employee suffers a grave injury as defined by the statute, or when the parties enter into a binding contractual indemnification agreement (see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 365 [2005]; Alulema v ZEV Elec. Corp., 168 AD3d 469, 470 [1st Dept 2019]). Here, even liberally construed, the third-party complaint, incorporating plaintiff's underlying complaint and bill of particulars, does not allege that plaintiff suffers from permanent and total loss of use of his arm to fall within the definition of grave injury set forth in Workers' Compensation Law § 11 (see Tavarez v LIC Dev. Owner, L.P., 205 AD3d 565, 567 [1st Dept 2022]; Cassese v SVJ Joralemon, LLC, 168 AD3d 667, 669 [2d Dept 2019]).
We have considered the Owner's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024