Jozwik v Monir (2024 NY Slip Op 03136)

Jozwik v Monir

2024 NY Slip Op 03136

Decided on June 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024

Before: Kern, J.P., Kapnick, Gesmer, González, O'Neill Levy, JJ. 

Index No. 151576/14 Appeal No. 2485 Case No. 2023-03703 

[*1]Barbara Jozwik, Appellant,
v
Mohammad Monir, et al., Respondents, Checker Management Corporation, Defendant.

Barbara Marzanna Jozwik, appellant pro se.
McManus Ateshoglou Aiello & Apostolakos PLLC, New York (Steven D. Ateshoglou of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered May 30, 2023, which granted defendants' motion in limine to preclude testimony from plaintiff's medical expert, unanimously affirmed, without costs.
The evidentiary ruling challenged by plaintiff, which led to dismissal of the action based on plaintiff's inability to meet the serious injury threshold (Insurance Law § 5102), was the "functional equivalent" of a ruling on a summary judgment motion and thus is "directly appealable before any trial order or judgment" (Shyer v Shyer, 205 AD3d 565 [1st Dept 2022]; see Knafo v Mount Sinai Hosp., 184 AD3d 478, 478-479 [1st Dept 2020]).
The trial court providently exercised its discretion in granting defendants' motion to preclude plaintiff's expert medical witness from testifying at trial (see Dufel v Green, 84 NY2d 795, 797-798 [1995]). The expert examined plaintiff one time, 12 years after the motor vehicle accident that allegedly caused her injuries, and his proposed testimony relied on medical records, including some records translated from Polish, that plaintiff did not present at trial in admissible form. Absent evidence as to the reliability of the out-of-court medical records on which the expert's opinion was largely based, the trial court providently exercised its discretion in granting defendants' motion (see Astrel v Yarborough, 31 AD3d 356 [2d Dept 2006]; see also Hambsch v New York City Tr. Auth., 63 NY2d 723 [1984]).
Without the medical expert testimony or medical records, plaintiff could not establish the extent of her injuries or a causal connection between those injuries and the accident (see Hambsch, 63 NY2d at 726). Plaintiff's arguments are unavailing and largely outside the scope of this appeal (see e.g. Everett v Timmins, 187 AD3d 437, 438 [1st Dept 2020]). In any event, they do not warrant a different result.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2024