| |
|---|
| **Speechio v Starbucks Corp.** |
| 2024 NY Slip Op 33413(U) |
| September 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161323/2018 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. ARLENE P. BLUTH**       PART         **14**

                                  *Justice*

---------------------------------------------------------------------------------X

JOSEPH SPEECHIO,

                        Plaintiff,

                 - v -

STARBUCKS CORPORATION, SHAWMUT
CORPORATION, SHAWMUT WOODWORKING AND
SUPPLY, INC D/B/A SHAWMUT DESIGN AND
CONSTRUCTION, SHAWMUT DESIGN AND
CONSTRUCTION,

                       Defendant.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 161323/2018 |
| **MOTION DATE** | 09/18/2024 |
| **MOTION SEQ. NO.** | 002 003 004 |

**DECISION + ORDER ON MOTION**

STARBUCKS CORPORATION, SHAWMUT CORPORATION,
SHAWMUT WOODWORKING AND SUPPLY, INC D/B/A
SHAWMUT DESIGN AND CONSTRUCTION, SHAWMUT
DESIGN AND CONSTRUCTION

                       Plaintiff,

               -against-

ECLIPSE CONTRACTING CORP., DAL ELECTRIC CORP.

                       Defendant.

---------------------------------------------------------------------------------X

Third-Party
Index No. 595803/2019

The following e-filed documents, listed by NYSCEF document number (Motion 002) 66, 67, 68, 69, 70,
71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 120, 122, 124, 156, 159, 173, 174, 175, 176

were read on this motion to/for            JUDGMENT - SUMMARY      .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 83, 84, 85, 86, 87,
88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 125, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140,
141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 157, 160, 162, 163, 164, 165,
166, 167, 168, 172, 179

were read on this motion to/for            JUDGMENT - SUMMARY      .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 98, 99, 100, 101,
102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 126, 158, 161, 169, 170,
171, 177, 178

were read on this motion to/for            JUDGMENT - SUMMARY      .

**161323/2018  SPEECHIO, JOSEPH vs. STARBUCKS CORPORATION**               **Page 1 of 11**
  **Motion No.  002 003 004**

[* 1]

Motion Sequence Numbers 002, 003 and 004 are consolidated for disposition. Third-party defendant Eclipse Contracting Corp. ("Eclipse")'s motion (002) for summary judgment is granted. Plaintiff's motion (003) for summary judgment on his Labor Law § 241(6) claim against defendants is granted in part and the cross-motion by defendants Starbucks Corporation, Shawmut Corporation, Shawmut Woodworking and Supply Inc. d/b/a Shawmut Design and Construction, Shawmut Design and Construction (collectively, "defendants") for summary judgment is denied. Third-party DAL Electric Corp. ("DAL Electric")'s motion (004) for summary judgment is granted.

**Background**

In this Labor Law case, plaintiff contends that he was injured while working as a carpenter in the basement of a construction site for a new Starbucks. On the day of the accident, plaintiff was installing a type of fiberglass panel (NYSCEF Doc. No. 91 at 7 [plaintiff's deposition transcript]). He testified that he was going to get a fiberglass panel when the accident occurred (*id*. at 44). Plaintiff added that "I entered the area. I saw that the material was leaning against the wall beyond the pile of debris that was on the floor. . . It wasn't directly in front of it. It was off to the side. The pile was behind it, yes. I could get to it by going around the pile of debris" (*id*. at 46). Apparently, plaintiff ran out of the material he was installing and looked around the room to find more- that is why he walked towards this area (*id*. at 47).

This pile was made up of wires. Plaintiff observed that "It was a fairly decent-size pile. They had to cut a lot of ends of wires off of boxes to get there" (*id*. at 48). He insists that he fell as he attempted to walk around this pile of wires to get more fiberglass material (*id*. at 50). Plaintiff claims that "I was going around the pile going towards pieces leaning against the wall.

**161323/2018  SPEECHIO, JOSEPH vs. STARBUCKS CORPORATION**
**Motion No.  002 003 004**

**Page 2 of 11**

2 of 11

As I was going around the pile, I didn't see it since the lighting was temporary lighting there and I guess I didn't notice all—I noticed the pile there, but I slipped on a piece that rolled, and as I was rolling on the small piece, 6 to 8 inches that rolled because it was round, then I turned, and I caught another piece that was sticking out further, and I fell on my knees and landed on my hand on the concrete" (*id*. at 52-53).

He added that "I think it was temporary lighting. I'm not sure, to be honest with you. I mean, I am just saying I didn't see the piece. I tripped on it, honestly, because I wouldn't have stepped on it if I saw it. It wasn't under the spotlight. There might have been a shadow there or something. I didn't see the piece" (*id*. at 53).

Defendant Starbucks was the leaseholder for the project and the Shawmut defendants functioned as the general contractor.

**Plaintiff's Motion & Defendants' Cross-Motion against Plaintiff**

Plaintiff moves for summary judgment on his Labor Law § 241(6) claim premised on Industrial Code section 12 NYCRR 23- 1.7(e)(2). He argues that the work area should have been kept free of debris and other scattered materials. Plaintiff emphasizes that electrical debris (the cut wires) were left around and that he slipped on a wire. He argues that his accident account was corroborated by his coworker, Pietro Pinto.

Defendants argue that 23-1.7(e)(2) is inapplicable to the facts of this case. They contend that the wires were not located in plaintiff's work area or a passageway. Defendants characterize this area as a "material storage area" and argue that the debris that plaintiff tripped over was integral to the overall construction job. They claim that the materials located in this pile included conduit, which was installed throughout the basement where plaintiff was working and that the pile was centrally located and did not obstruct any passageway.

**161323/2018   SPEECHIO, JOSEPH vs. STARBUCKS CORPORATION**
**Motion No.  002 003 004**

**Page 3 of 11**

3 of 11

Defendants also move to dismiss the remaining Industrial Code sections cited by plaintiff in his bill of particulars. These include Industrial Code Sections, 12 N.Y.C.R.R. 23-1.5, 23-1.7, 23-1.7(b)(all subsections), 23-1.8(all sections), 23-1.15, 23-1.16, 23-1.17, 23-1.21, 23-1.21(a), 23-1.21(b)(1), 23-1.21(2), 23-1.21(3)(all sub sections), 23- 1.21(4)(all subsections), 23-1.21(c), 23-1.31, 23-1.32, 23-1.33, 23-2.1, 23-2.4, and 23-2.4(a).

They seek summary judgment on plaintiff's Labor Law § 200 claim and on plaintiff's Labor Law § 240(1) claim.

In opposition, plaintiff does not oppose the dismissal of his 240(1) claim and does not address any of the 241(6) Industrial Code sections except for the 23-1.7(e)(2) section. Plaintiff opposes defendants' request to dismiss his Labor Law § 200 claim on the ground that there was a dangerous condition and therefore an issue of fact regarding whether defendants should be held liable.

*Labor Law § 241(6)*

"The duty to comply with the Commissioner's safety rules, which are set out in the Industrial Code (12 NYCRR), is nondelegable. In order to support a claim under section 241(6). . . the particular provision relied upon by a plaintiff must mandate compliance with concrete specifications and not simply declare general safety standards or reiterate common-law principles" (*Misicki v Caradonna*, 12 NY3d 511, 515, 882 NYS2d 375 [2009]). "The regulation must also be applicable to the facts and be the proximate cause of the plaintiff's injury" *(Buckley v Columbia Grammar and Preparatory*, 44 AD3d 263, 271, 841 NYS2d 249 [1st Dept 2007]).

The vast majority of the parties' arguments center on a single Industrial Code Section, 23-1.7(e)(2), which states: "Working Areas. The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from

**161323/2018   SPEECHIO, JOSEPH vs. STARBUCKS CORPORATION**
**Motion No.  002 003 004**

**Page 4 of 11**

4 of 11

[* 4]

scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed."

The Court must first explore the nature of the item that caused plaintiff to slip and fall. That is, the Court must consider whether the wire constituted "debris" or whether it was material integral to the construction job (which would render this Industrial Code section inapplicable). Plaintiff testified that he slipped on "electrical debris" and specifically, a 600-volt mongo, which he described as a "big wire. It has a casing on the outside, and it's copper on the inside, and they save the extra pieces so they can scrap them and get money for them" (NYSCEF Doc. No. 91 at 27). Defendants admit that the wire was piled up so that it could be salvaged.

Because this was a pile of material waiting to be collected so it could possibly be sold for scrap, it suggests that these wires were not integral to the structure or the work being performed (*Lester v JD Carlisle Dev. Corp., MD.*, 156 AD3d 577, 578, 68 NYS3d 60 [1st Dept 2017]). The Court therefore grants plaintiff's motion for partial summary judgment (*id*.) and denies this branch of defendants' summary judgment motion on this Industrial Code subsection. The fact that the wires may have been salvaged in order to be sold at a later date is not a basis to find that these wires were somehow an integral part of the construction project and therefore render 1.7(e)(2) as inapplicable.  Defendants' argument that plaintiff's accident "involved conduit" that was stacked in a material storage area also does not compel a different outcome. Plaintiff testified he tripped over a loose wire; simply calling an area of the basement a "material storage area" does not insulate defendants from liability related to a loose wire.

There is no testimony that this pile was anything other than electrical debris; no one claims, for instance, that it included materials that were going to be utilized by a contractor to build another part of the Starbucks. In fact, plaintiff testified that after the accident the foreman

**161323/2018   SPEECHIO, JOSEPH vs. STARBUCKS CORPORATION**                    **Page 5 of 11**
**Motion No.  002 003 004**

[* 5]                                                          5 of 11

of third-party defendant DAL Electric (along with three or four of his "guys") cleaned up the pile (*id*. at 51). This supports plaintiff's argument that this scrap wire was just debris.

The Court, however, dismisses the remaining branches of plaintiff's Labor Law § 241(6) claim as he did not oppose that portion of defendants' motion.

*Labor Law § 200*

Labor Law § 200 "codifies landowners' and general contractors' common-law duty to maintain a safe workplace" (*Ross v Curtis-Palmer Hydro-Electric Co.*, 81 NY3d 494, 505, 601 NYS2d 49 [1993]). "[R]ecovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation . . . [A]n owner or general contractor should not be held responsible for the negligent acts of others over whom the owner or general contractor had no direction or control" (*id.* [internal quotations and citation omitted]).

"Claims for personal injury under this statute and the common law fall under two broad categories: those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143-44, 950 NYS2d 35 [1st Dept 2012]). "Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (*id.* at 144).

Defendants contend that plaintiff's employer (third-party Eclipse) supervised plaintiff's work at the job site and they did not have actual or constructive notice concerning the alleged dangerous condition.

**161323/2018   SPEECHIO, JOSEPH vs. STARBUCKS CORPORATION**
**Motion No.  002 003 004**

**Page 6 of 11**

In opposition, plaintiff contends that his Labor Law § 200 claim is based upon the fact that there was a dangerous condition and there is an issue of fact concerning whether or not defendants had notice of it.

The Court agrees that there is an issue of fact concerning defendants' constructive notice of the dangerous condition (the pile of wires). Plaintiff testified that "It was a fairly decent-size pile. They had to cut a lot of ends of wires off of boxes to get there. I don't know. It wasn't there—it didn't take them 15 minutes to put the pile there" (NYSCEF Doc. No. 91 at 48). A fact finder must consider whether the pile was a dangerous condition and whether it was there long enough to constitute constructive notice under this Labor Law section.

*Labor Law § 240(1)*

This claim is severed and dismissed as plaintiff explicitly observed he did not oppose this branch of defendants' motion.

**Claims Against Eclipse**

Eclipse makes its own motion for summary judgment and contends that it had no task related to electrical wires. It emphasizes that laborers for the general contractor, Shawmut, were responsible for cleaning up the work site. That is, they would throw out the garbage. Eclipse claims that plaintiff did not suffer a "grave injury" and so defendants cannot pursue their third-party claims against it for common law indemnification and contribution. It points out that plaintiff did not allege that he suffered a total loss of use to an arm or leg, or a brain injury resulting in permanent total disability.

Eclipse also argues that it cannot be held liable under a theory of contractual indemnification as it has no liability for plaintiff's accident. It insists that only third-party DAL Electric worked with the type of electrical wire involved in plaintiff's accident. Eclipse also

**161323/2018   SPEECHIO, JOSEPH vs. STARBUCKS CORPORATION**
**Motion No.  002 003 004**

**Page 7 of 11**

7 of 11

attaches proof that it purchased insurance and seeks summary judgment on defendants' claim that it failed to procure insurance.

Defendants maintain that Eclipse entered into a contract that required it to indemnify defendants. They argue that Eclipse agreed to remove its debris from the worksite and that Eclipse was one of two contractors working at the site that day (along with DAL Electric).

The Court grants the motion and dismisses the claims against Eclipse. As an initial matter, it is undisputed that plaintiff did not suffer a grave injury and so common law indemnification or contribution is not available against plaintiff's employer (*Tavarez v LIC Dev. Owner, L.P.*, 205 AD3d 565, 567, 169 NYS3d 266 [1st Dept 2022]).

The Court also dismisses the claim for contractual indemnification as against Eclipse. "In contractual indemnification, the one seeking indemnity need only establish that it was free from negligence . . . Whether or not the proposed indemnitor was negligent is a non-issue and irrelevant" (*Correia v Professional Data Mgmt., Inc.*, 259 AD2d 60, 65, 693 NYS2d 596 [1st Dept 1999]). Here, plaintiff tripped over a wire that was not part of Eclipse's work nor was there any evidence that Eclipse was responsible for cleaning up for other trades on site. Therefore, the Court concludes that Eclipse has no liability for its worker tripping on debris allegedly left by another contractor and not cleaned up by the entity responsible for such task. Because Eclipse bears no responsibility for plaintiff's injury, Eclipse has no liability under a contractual indemnification theory of recovery. The parties' contract does not require Eclipse to indemnify for plaintiff's injuries under the facts at issue here.

Eclipse also included evidence that it did, in fact, procure insurance and so defendants' cause of action related to the failure to purchase insurance is severed and dismissed.

**161323/2018   SPEECHIO, JOSEPH vs. STARBUCKS CORPORATION**
**Motion No.  002 003 004**

**Page 8 of 11**

8 of 11

**Claims Involving DAL Electric**

Both defendants and DAL Electric seek summary judgment with respect to the third-party complaint. DAL Electric contends that the discarded electrical cable was placed at the specific location at the direction of the general contractor Shawmut.

DAL Electric's witness testified that any scraps or wires were "center piled for Shawmut to disperse of or thrown into a dumpster" (NYSCEF Doc. No. 112 at 36). He added that "It doesn't have to be the center, just pile it up in one area and the laborer from Shawmut comes around and he throws it into the dumpster" (*id.*).

Defendants argue that they are entitled to summary judgment on their contractual indemnity claim against DAL Electric on the ground that the contract between the parties requires indemnity. They point out that the contract required DAL Electric to remove its materials.

The Court grants DAL Electric's motion to dismiss defendants' claims against it and denies defendants' cross-motion to the extent it seeks relief against DAL Electric. There is no dispute that the materials that caused plaintiff to slip were refuse from DAL Electric's work.[1] However, the contract between DAL Electric and defendants initially contained a provision regarding the disposal of debris but that was changed. This provision originally stated that "Subcontractor [DAL Electric] shall dispose of all debris that results from its Subcontract Work during and at the end of each day" but that was crossed out and was *replaced with* "Subcontractor shall center pile all debris." (NYSCEF Doc. No, 144 ¶ [5][J], 8 of 175). The

---

[1] The Court observes that there appears to be some conflicting assertions about what caused plaintiff to slip. DAL Electric's foreman testified that "I thought I asked him [plaintiff] what happened and he said he was trying to work around the conduits and he fell" (NYSCEF Doc. No. 153 at 35). However, the parties did not sufficiently explain the significance of whether plaintiff slipped on a piece of cable/wire or a conduit. In this Court's view, it is irrelevant. Plus, DAL Electric's foreman's testimony about what plaintiff said is hearsay.

**161323/2018   SPEECHIO, JOSEPH vs. STARBUCKS CORPORATION**                    **Page 9 of 11**
**Motion No.  002 003 004**

9 of 11

[* 9]

record presented on this motion suggests that DAL Electric complied with its obligation to center pile its debris; there is no testimony that DAL Electric's pile was lacking in any way. Because DAL Electric had no obligation to remove its debris and, in fact, the testimony suggests it was the general contractor who assumed that responsibility, the Court grants DAL Electric's motion. Shawmut's witness testified that the "laborers assigned to the project," who were hired by Shawmut, would clean up electrical debris (NYSCEF Doc. No. 147 at 18-19).

Put another way, Shawmut is not entitled to contractual indemnification because it did not establish that it was free from negligence. And DAL Electric met its burden to show it was free from any negligence because it simply piled up its debris as provided in the contract.

Although defendants claim that DAL Electric "was contractually responsible for removing the center-piled debris (NYSCEF Doc. No. 179, ¶ 13) and cite to the contract at page 12, this claim is conclusory. Defendants failed to include a direct quote from the contract and the vague reference to page 12, as opposed to a specific paragraph, is not helpful. The exhibit including the contract is 175 pages long and page 12 of the document does not mention anything about center-piled debris.

Therefore, the Court dismisses defendants' claims for contractual indemnification, common law indemnification and contribution as against DAL Electric. Moreover, DAL Electric included proof that it procured an insurance policy as required under the contract and so defendants' cause of action for failure to procure insurance is also dismissed.

**Blaming it on Plaintiff**

The Court observes that there are several allusions to the fact that plaintiff saw the pile of debris prior to his fall. In fact, DAL Electric mentions in passing that plaintiff was the sole proximate cause of his accident. However, plaintiff testified that he tried to walk around the pile

**161323/2018   SPEECHIO, JOSEPH vs. STARBUCKS CORPORATION**
**Motion No.  002 003 004**

**Page 10 of 11**

10 of 11

of debris and slipped on a piece that he did not see. Nothing prevents defendants from arguing at trial that plaintiff shares some responsibility for his accident; but that does not prevent the Court from granting summary judgment (*see Rodriguez v City of New York*, 31 NY3d 312, 76 NYS3d 898 [2018] [noting that a plaintiff was not required to demonstrate the complete absence of his own comparative fault in order to obtain partial summary judgment]).

Accordingly, it is hereby

ORDERED that third-party defendant Eclipse Contracting Corp.'s motion (MS002) for summary judgment is granted and all claims and crossclaims against this third-party defendant are severed and dismissed; and it is further

ORDERED that plaintiff's motion (MS003) for partial summary judgment on his Labor Law § 241(6) claim premised on 12 NYCRR 23-1.7(e)(2) is granted; and it is further

ORDERED that defendants' cross-motion is granted only to the extent that plaintiff's claims pursuant to Labor Law § 240(1) and Labor Law 241(6) based on all Industrial Code sections except for 12 NYCRR 23-1.7(e)(2) are severed and dismissed, and denied with respect to the remaining requests for relief; and it is further

ORDERED that third-party defendant DAL Electric Corp.'s motion (MS004) for summary judgment is granted and all claims and crossclaims against this third-party defendant are severed and dismissed.

| 9/26/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | GRANTED IN PART | **X** OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**161323/2018   SPEECHIO, JOSEPH vs. STARBUCKS CORPORATION**
**Motion No.  002 003 004**

Page 11 of 11