Morrobel v Alicea (2025 NY Slip Op 01773)

Morrobel v Alicea

2025 NY Slip Op 01773

Decided on March 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 25, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Higgitt, JJ. 

Index No. 309066/12|Appeal No. 3962|Case No. 2022-04450|

[*1]Ninoska Morrobel, Respondent,
v
Joseph A. Alicea et al., Appellants, Peter Mansam et al., Defendants.

Mauro Lilling Naparty LLP, Woodbury (Melissa A. Danowski of counsel), for appellants.
William Schwitzer & Associates, P.C., New York (Travis K. Wong of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about September 19, 2022, upon a jury verdict in favor of plaintiff and against defendants Joseph A. Alicea, New York Transit Authority, Metropolitan Transit Authority, and Manhattan and Bronx Surface Transit Operating Authority, to the extent appealed from as limited by the briefs, awarding the principal sums of $625,000 for past pain and suffering, $1.53 million for future pain and suffering, and $1.2 million for future medical expenses, plus interest, unanimously modified, on the law, to vacate the award of interest and remit the matter to Supreme Court for a recalculation of interest at the rate of 3% per year from the date of the verdict to the entry of judgment, and otherwise affirmed, without costs.
To the extent that the jury found that plaintiff's claimed cervical spine injuries were causally related to the motor vehicle accident, the finding was not against the weight of the evidence, as the evidence and testimony presented at trial created factual issues that were properly evaluated and resolved by the jury (see Killon v Parrotta, 28 NY3d 101, 108 [2016]; Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Rozon v Schottenstein, 204 AD3d 94, 103 [1st Dept 2022]). Based on examinations of plaintiff, lack of prior symptoms, and observations during surgery, plaintiff's physicians opined that plaintiff's injuries were causally related to the accident. Thus, plaintiff's evidence adequately addressed defendants' evidence that her injuries were degenerative, providing a different yet equally plausible explanation for her conditions (see De Diaz v Klausner, 223 AD3d 461, 462 [1st Dept 2024]; Pouchie v Pichardo, 173 AD3d 643, 644 [1st Dept 2019]; cf. Everett v Timmins, 187 AD3d 437, 438 [1st Dept 2020]). That some evidence supported each party's position does not mean that the jury exceeded its province in determining which evidence to accept and which to reject, nor does it mean that the jury's verdict was against the weight of the evidence (see Demetro v Dormitory Auth. of the State of N.Y., 199 AD3d 605, 609-610 [1st Dept 2021]).
The jury's awards for past pain and suffering (just over $90,000 per year) and future pain and suffering ($45,000 per year) do not deviate materially from what would be reasonable compensation (CPLR 5501[c]; see e.g. Mata v City of New York, 124 AD3d 466 [1st Dept 2015] [roughly $350,000 and $55,000 per year for past and future pain and suffering, respectively, for plaintiff who underwent arthroscopic wrist surgery and a laminectomy with fusion surgery on her lower back]; Pimenta v 1504 Cia, LLC, 197 AD3d 670 [2d Dept 2021] [roughly $235,000 and $68,000 per year for past and future pain and suffering, respectively, for plaintiff who underwent arthroscopic knee surgery and spinal surgeries]).
Defendants assert that according to Insurance Law § 5108, charges for health services provided as a result of motor vehicle accident injuries, both [*2]as a part of and in excess of basic economic loss, may not exceed the charges permissible under Workers' Compensation Board schedules (see Insurance Law § 5102[a][1]). Thus, defendants conclude, Insurance Law § 5108 limits the damages that plaintiff may recover for future medical expenses. We reject this argument. Insurance Law § 5108, as part of New York's No-Fault Law, applies only to claims for first-party benefits (see Insurance Law §§ 5102[b], 5103[a]) — specifically, health service providers who accept an assignment of first-party (no-fault) benefits but continue treating the covered person beyond the exhaustion of those benefits (see Ops Gen Counsel NY Ins Dept No. 09-05-01; Ops Gen Counsel NY Ins Dept No. 08-07-28). Insurance Law § 5108 does not limit the right of recovery for economic loss in excess of basic economic loss in actions by covered persons for personal injuries arising out of negligence in the use or operation of a motor vehicle (see Insurance Law § 5104[a]).
Furthermore, the jury's award for future medical expenses was not excessive. Plaintiff's treating physicians testified to each of the treatments that plaintiff would require, explained why she would require them, and approximated their cost. This testimony, which it was within the jury's province to credit, established plaintiff's future medical expenses with the requisite degree of reasonable certainty (see Greenidge v Steele, 233 AD3d 477, 477 [1st Dept 2024]; Natoli v City of New York, 180 AD3d 477, 478-479 [1st Dept 2020]).
However, the parties agree that interest was incorrectly calculated using the rate of 9%, instead of the rate of 3% mandated in cases against the New York City Transit Authority (Public Authorities Law § 1212[6]). We therefore modify the judgment to the extent of vacating the award of interest and remitting the matter for the appropriate recalculation.
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2025